UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI MUSAID MUTHANA,

        Plaintiff,

v.

        Case No. 24-11373
        U.S. DISTRICT COURT JUDGE
        GERSHWIN A. DRAIN

PAUL SHREIBER, *et al.*,

        Defendants.

_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#24], OVERRULING PLAINTIFF ALI MUSAID MUTHANA'S OBJECTION [#27], AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF EXHAUSTION [#19]**

**I.     INTRODUCTION**

This matter is before the Court on Defendants Jodi L. DeAngelo, Paul Schreiber, Ryan J. Green, and Cathyann Haynes's Motion for Summary Judgment. This motion was referred to Magistrate Judge David R. Grand, who issued a Report and Recommendation on May 13, 2025, recommending that the Court grant in part and deny in part the motion. Upon the Court granting Plaintiff an extension of time to object to the Report and Recommendation, Plaintiff filed an objection on July 17, 2025.

For the reasons that follow, the Court OVERRULES Plaintiff's Objection [#27], ACCEPTS AND ADOPTS Magistrate Judge Grand's Report and Recommendation [#24], and GRANTS IN PART AND DENIES IN PART Defendants' Motion for Summary Judgment [#19].

## II. LEGAL STANDARD

Title 28 U.S.C. § 636 sets forth the standard of review for examining a report and recommendation. It provides that courts "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Courts have the power to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. ANALYSIS

Pursuant to 42 U.S.C. § 1983, Plaintiff's complaint alleges that while incarcerated at the Woodland Correctional Facility, Defendants, all of whom are current or former Michigan Department of Corrections employees, violated his constitutional right to free exercise of religion. Defendants moved for summary judgment, claiming Plaintiff failed to exhaust his administrative remedies prior to initiating this case, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). In support of this motion, Defendants submitted Plaintiff's MDOC Prisoner Step III Grievance Report ("MDOC Grievance Report"), which details the

grievances Plaintiff has pursued through all three steps of MDOC's grievance procedure.

In his Report and Recommendation, Magistrate Judge Grand found that Plaintiff exhausted his administrative remedies as to his claims against Warden DeAngelo arising out of Grievance Nos. WCC-23-04-0287-20e, WCC-22-09-2095-20b, and WCC-22-09-2033-03b, and as to his claims against Warden Schreiber for the alleged confiscation of his Quran and prayer rug, arising out of Grievance No. WCC-24-01-0021-28c ("WCC-0021"). The Magistrate Judge further found that Plaintiff failed to exhaust his administrative remedies as to his claims against Defendants Green and Haynes, as well as his remaining claims against Warden Schreiber.

In his sole objection, Plaintiff asserts that he "did in fact exhaust his administrative remedies" and that he "can and will show through competent and specific evidence that he did indeed exhaust his remedies . . . in spite of the fact that the Defendant[s] tried in every way to prevent him from doing so." ECF No. 27, PageID.213. Beyond so claiming, however, Plaintiff does not point to any specific aspect of Magistrate Judge Grand's report and recommendation that he believes is erroneous and instead attaches evidence that, according to Plaintiff, demonstrates that he exhausted his administrative remedies as to Grievances Nos. WCC-24-0300-189-020-B ("WCC-0189") and WCC-24-0200-0106-20b ("WCC-0106"). On this

3

basis alone, overruling the objection is appropriate. *Alford v. Butler*, No. 18-cv-10466, 2019 WL 2723670, at *1 (E.D. Mich. July 1, 2019) ("Bare disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the [Report and Recommendation].").

Notwithstanding, upon review of the evidence Plaintiff attaches to his objection, the Court concludes that Magistrate Judge Grand did not err in finding that Plaintiff failed to exhaust his administrative remedies as to Grievance Nos. WCC-0189 and WCC-0106. Plaintiff's MDOC Grievance Report indicates that he did not pursue these grievances through all three steps of MDOC's grievance procedure. The evidence Plaintiff submits in support of his objection merely demonstrates that Plaintiff *drafted* Step III appeals as to these grievances, but not that he actually *submitted* those documents to MDOC. As such, the undersigned agrees with the magistrate judge that this evidence "is insufficient to call into question the veracity of the [MDOC Grievance Report], submitted by Defendants, which indicates that WCC-0189 and WCC-0106 were not pursued to Step III." ECF No. 24, PageID.201. Therefore, this objection is overruled.

**IV.** **CONCLUSION**

Based on the foregoing, Plaintiff's Objection [#27] is OVERRULED. The

Court ACCEPTS AND ADOPTS Magistrate Judge Grand's Report and Recommendation [#24], and GRANTS IN PART AND DENIES IN PART Defendants' Motion for Summary Judgment [#19].

SO ORDERED.

Dated: September 26, 2025 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 26, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

5