UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI MUSAID MUTHANA,

Plaintiff,

v.

PAUL SCHREIBER, *et al.*,

Defendants.
_______________________________/

Civil Action No. 24-11373

Gershwin A. Drain
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF COMPLAINT WITHOUT PREJUDICE (ECF No. 45) AND TO DENY AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 41)**

## I. REPORT

### A. Background

On May 23, 2024, plaintiff Ali Muthana ("Muthana"), an incarcerated person, filed his *pro se* civil rights complaint under 42 U.S.C. § 1983.[1] (ECF No. 1). At the time of the events at issue in this lawsuit, Muthana was incarcerated at the Woodland Correctional Facility ("WCC") in Whitmore Lake, Michigan. (*Id.*, PageID.2).

Muthana has three remaining claims, all of which assert violations of his rights under the First Amendment's Free Exercise Clause. (ECF Nos. 24, 29). The two remaining defendants in this action, who are current or former employees of the Michigan Department of Corrections, are Warden Paul Schreiber and Warden Jodi DeAngelo (collectively,

[1] Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned. (ECF No. 20).

"Defendants").

Now pending before the Court are two separate motions. First, on May 7, 2026, Defendants filed a Motion for Summary Judgment. (ECF No. 41). Muthana's response to this motion was initially due on June 1, 2026; however, after this Court granted his motion for extension of time, the deadline for his response was extended to July 8, 2026. (*See* ECF Nos. 42, 44; 6/15/2026 Text-Only Order). To date, Muthana has not filed a response to Defendants' motion for summary judgment.

However, on July 14, 2026, Muthana filed a Motion for Voluntary Dismissal of Complaint Without Prejudice. (ECF No. 45). In his motion, Muthana indicates that, due to his medical and mental health issues, he "cannot respond to Defendant's (sic) summary judgment [motion] in its entirety …." (*Id.*, PageID.421). Therefore, Muthana "requests that his complaint be 'dismissed without prejudice.'" (*Id.*). Defendants did not file a response to this motion, or otherwise oppose the relief requested, and the deadline to do so has expired.

Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. LR 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

**B. Analysis**

*1. Muthana's Motion*

Fed. R. Civ. P. 41(a) governs voluntary dismissals in federal court. Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request "by court order, on terms

that the court considers proper." Whether to permit a plaintiff to voluntarily dismiss his case is a matter committed to the court's discretion. *See Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). An "abuse of discretion is found only where the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice...." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (internal quotations omitted). Thus, a "district court should [ordinarily] grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Quiktrak, Inc. v. Hoffman*, No. 1:05-cv-384, 2005 WL 2465735, at *2 (W.D. Mich. Oct. 6, 2005) (internal quotations omitted).

In this case, Defendants have not opposed Muthana's motion for voluntary dismissal, and the time to do so has now expired. *See* E.D. Mich. LR 7.1(e). The Court notes that Muthana's motion comes after the close of discovery and after Defendants filed a lengthy motion for summary judgment. However, because Defendants have not contended that they would suffer any significant prejudice as a result of a voluntary dismissal, the Court will not presume the existence of prejudice. *See Hicks v. Welton*, No. 1:09-cv-942, 2010 WL 2507775, at *1 (W.D. Mich. June 17, 2010). For all of these reasons, Muthana should be permitted to voluntarily dismiss his complaint in this action.

*2. Defendants' Motion*

As set forth above, on May 7, 2026, Defendants filed a Motion for Summary Judgment. (ECF No. 41). Because the Court recommends that Muthana be permitted to voluntarily dismiss his complaint, it need not consider the merits of Defendants' dispositive motion. Thus, this motion should be denied as moot.

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Muthana's Motion for Voluntary Dismissal of Complaint Without Prejudice **(ECF No. 45)** be **GRANTED**. **IT IS FURTHER RECOMMENDED** that Defendants' Motion for Summary Judgment **(ECF No. 41)** be **DENIED AS MOOT**.

Dated: August 5, 2026
Ann Arbor, Michigan

s/David R. Grand
DAVID R. GRAND
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should

be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2026.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager